[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| GPA MIDSTREAM ASSOCIATION and AMERICAN PETROLEUM INSTITUTE,<br><br>Petitioners,<br><br>v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION and PIPELINE AND HAZARDOUS MATERIALS SAFETY ADMINISTRATION,<br><br>Respondents. | No. 22-1037 |

## STATUS REPORT

Pursuant to this Court's April 20, 2022 order, respondents hereby file the following status report.

1. This case involves a petition for review of an interim final rule issued by the Pipeline and Hazardous Materials Safety Administration (the Agency). *See Pipeline Safety: Unusually Sensitive Areas for the Great Lakes, Coastal Beaches, and Certain Coastal Waters*, 86 Fed. Reg. 73,173 (Dec. 27, 2021) (the Interim Final Rule).

2. On April 15, 2022, the parties filed a joint motion to hold the petition for review in abeyance, explaining that the Agency was working to promulgate a final rule that would address the comments the Agency had received on the Interim Final Rule. The parties explained that abeyance would conserve the resources of the parties and the Court because of the strong likelihood that the promulgation of a final rule would moot, or at least significantly reshape, petitioners' procedural challenges to the Interim Final Rule. And the parties described how abeyance would also permit the Agency to present the matter for peer review by the Technical Hazardous Liquid Pipeline Safety Standards Committee (the Standards Committee).

3. On April 20, 2022, this Court entered an order holding the case in abeyance pending further order from the Court. The order also instructed respondents to file status reports at 90-day intervals, beginning on July 19, 2022.

4. On July 19, 2022, the Agency filed its first status report. The Agency explained that it had scheduled a meeting of the Standards Committee for August 17, 2022. *See Pipeline Safety: Meeting of the Liquid Pipeline Advisory Committee*, 87 Fed. Reg. 43,108, 43,108 (July

19, 2022).

5. On October 17, 2022, the Agency filed its second status report. The Agency described the Standards Committee's meeting and explained that the Agency was in the process of reviewing the Standards Committee's recommendations. One such recommendation suggested that "[w]ith respect to … certain coastal waters between the 3-nautical mile line and the 12-nautical mile line, [the Agency] exercise enforcement discretion for the requirements in the [Interim Final Rule] through the date of the publication of the Final Rule or August 17, 2023, whichever is earlier." LPAC Meeting Tr., Docket No. PHMSA-2022-0077-0006, at 168:18-171:7 (Aug. 30, 2022) (LPAC Meeting Tr.).[1]

6. On January 13, 2023, the Agency filed its third status

---

[1] The Committee further recommended that the Agency exercise its discretion to decline to enforce the portions of the Interim Final Rule applicable to "regulated rural gathering lines" and "rural low-stress pipelines." LPAC Meeting Tr. at 168:18-171:7. As explained in the joint motion to hold this appeal in abeyance, the Agency has already exercised its discretion to decline to enforce those portions of the Interim Final Rule. *See* Joint Mot. to Hold Case in Abeyance at 5 (Apr. 15, 2022); *see also* U.S. Dep't of Transp., Pipeline Safety & Hazardous Materials Admin., *Notice to Hazardous Liquid Pipeline Facility Operators Re: Limited Enforcement Discretion* (Apr. 21, 2022), https://perma.cc/85SC-4YYQ.

report. The Agency explained that, in response to the Standards Committee's recommendation, it had issued a notice of limited enforcement discretion, advising regulated entities that, until the earlier of the effective date of a forthcoming final rule or August 17, 2023, the Agency would exercise its discretion to refrain from taking enforcement action against hazardous liquid pipeline facilities that affect certain areas that are newly designated as "certain coastal waters" under the Interim Final Rule's definition. U.S. Dep't of Transp., Pipeline Safety & Hazardous Materials Admin., *Notice of Limited Enforcement Discretion to Hazardous Liquid Pipeline Facility Operators* 2-3 (Oct. 20, 2022), https://perma.cc/LP6F-4Z5K (October 2022 Notice). The Agency projected that its review process would be completed, and the final rule promulgated, by March 2023. *See* Office of Info. & Regulatory Affairs, Exec. Office of the President, *Fall 2022 Unified Agenda of Regulatory and Deregulatory Actions: Pipeline Safety: Coastal Ecological Unusually Sensitive Areas*, https://perma.cc/43DQ-28ZT.

7. This is the Agency's fourth status report. Since the last status report, the Agency has continued to review and prepare

4

responses to the Standards Committee's recommendations, as well as to the comments from the public, in an effort to finalize a final rule. The Agency simultaneously has been working on several other rulemakings and other priorities. *See, e.g.*, *Hazardous Materials: Adoption of Miscellaneous Petitions and Updating Regulatory Requirements*, 88 Fed. Reg. 13,624 (Mar. 3, 2023) (proposed rule addressing several different aspects of the hazardous materials transportation regulations); Office of Info. & Regulatory Affairs, Exec. Office of the President, *Pending EO 12866 Regulatory Review*, https://perma.cc/QTT5-ZW92 (noting that PHMSA submitted a proposed rule on Gas Pipeline Leak Detection and Repair to the Office of Information and Regulatory Affairs on February 13, 2023). Although the Agency has not yet promulgated the final rule, the Agency intends to announce a revised target date in the Spring 2023 Unified Agenda and a future issue of the Department of Transportation Significant Rulemaking Report.

8. In light of the foregoing, respondents believe this case should remain in abeyance. Respondents will file another status report within 90 days after the filing of this report, by July 12, 2023.

Respectfully submitted,

ABBY C. WRIGHT
 /s/ *Anna O. Mohan*
ANNA O. MOHAN
*Attorneys, Appellate Staff
Civil Division, Room 7533
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 514-3159*

Counsel for Respondents

APRIL 2023

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 733 words.

                                                */s/ Anna O. Mohan*
                                                Anna O. Mohan

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2023, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                               */s/ Anna O. Mohan*
                                               Anna O. Mohan